```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

**OMAR MOODY, #M0032**                                              **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 4:06CV137-TSL-LRA**

**CAPTAIN MATTIE COLLINS**                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Omar Moody, *pro se,* [hereinafter "Plaintiff"] and Attorney Lee Thaggard, counsel for Captain Mattie Collins [hereinafter "Defendant"], appeared before the undersigned United States Magistrate Judge on the 29th day of May, 2007, at the James Eastland Federal Building and Courthouse in Jackson, Mississippi, for an omnibus hearing.  The Court scheduled this hearing for various pretrial purposes, including a Spears hearing.  The hearing was conducted in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not Plaintiff's claims were supported by a factual or legal basis.  Pursuant to a Consent signed by all parties on May 29, 2007, District Judge Tom S. Lee entered an Order [#18] filed June 7, 2007, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to his case.

According to his Complaint, as augmented by Plaintiff's sworn testimony at the omnibus hearing, Moody was a state inmate incarcerated in the East Mississippi Correctional Facility in Meridian, Mississippi, in September, 2006.  His claims relate solely to a search conducted by Defendant on September 25, 2006.  Plaintiff states that he had been searched by Officers Jones and Johnson and was being escorted to the "rec cage" on that date.  Captain Collins, a female, stopped the male officers who were escorting Plaintiff, and inquired as to whether or not Moody had been searched.  When the officers answered affirmatively, she directed them to hold Plaintiff against the cage and to search him again.  They did so and did not find contraband.

Plaintiff then testified that Captain Collins pulled his pants away from his waist and "conducted an unnecessary body search... which is considered as rape."  Complaint, p. 4, #9.  At the hearing, Plaintiff conceded that Defendant simply reached into his pants and lifted out contraband from under his genitals, including a few rolls of tobacco attached to his body by a rubberband.  Plaintiff also volunteered that Defendant had previously caught him with other contraband hidden in the same manner.  Defendant did not

2

hit him or touch him in a sexual manner; she simply located and retrieved the tobacco.  According to Plaintiff, this act of searching his genitals caused him humiliation in front of the other inmates and officers; he suffered from emotional and mental damage as a result of the incident.

Considering every assertion by Plaintiff as true, the Court still finds that he has failed to state a **constitutional** claim or a claim upon which relief can be granted.  It is well-settled that the courts, unless presented with patently unreasonable conduct, are reluctant to interfere with the day-to-day operations of a prison.  *Bell v. Wolfish*, 441 U.S. 520 (1979).  A prison's internal security is peculiarly a matter normally left to the discretion of prison administrators.  *Rhodes v. Chapman*, 452 U.S. 337, 349, n.14 (1981).  Moreover, "prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) *quoting Bell*, 441 U.S. at 547.  In Plaintiff's case, the force applied to him was necessitated by his own actions, that being his practice of hiding contraband.  By Plaintiff's own admissions, the search was not prompted by any punitive action toward him as an individual inmate.

The Constitution of the United States does not protect an inmate from "de minimis uses of physical force, provided the use of force is not of a sort repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 10 (1992). Thus, not every "push or shove" is actionable, even if the push or shove seems unnecessary when reviewed in the "peace of a judge's chambers." *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973). The law in the Fifth Circuit is that an Eighth Amendment claim for cruel and inhuman treatment (or excessive punishment) must involve the use of force that is: (1) clearly excessive to the need, (2) is objectively unreasonable, and (3) results in at least *some injury*, although the injury may be insignificant. *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996) ("[T]his circuit currently requires a plaintiff to have 'suffered at least some injury.' [cite omitted]"); *Knight v. Caldwell*, 970 F.2d 1430 (5th Cir. 1992).

Moreover, in evaluating the level of force used against a prisoner, this Court must consider the context in which the force was deployed. *Ikerd*, 101 F.3d at 434. In this case, very little force was used by Defendant Collins; she obviously had good cause for conducting the search, as the need for the search was proven by its results. Plaintiff is reminded that his rights under the United States Constitution are not violated simply because a tort may have been committed against him. Although an act may be

4

actionable as a tort under common law, such an act does not necessarily create a constitutional claim.

The Court is of the opinion that Moody cannot maintain his action under the controlling law governing actions brought under 42 U.S.C. § 1983.  Under the case of *Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), as modified by *Neitzke v. Williams*, 490 U.S. 319 (1989) and *Denton v. Hernandez*, 504 U.S. 25 (1992), the claims of the Plaintiff must have an arguable basis in law or fact; otherwise, dismissal under 28 U.S.C. § 1915 is appropriate.  Considering the law on these issues, as well as Moody's allegations, the Court holds that his claims have no basis either in law or in fact and, therefore, are frivolous[1] and fail to state a claim on which relief may be granted.  For these reasons, this action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(I) and(ii).  A separate Judgment shall be entered on this date dismissing this cause for the reasons set forth in this Memorandum Opinion and Order.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and that a separate Final Judgment in favor of Defendant Collins shall be entered on this date.

---

[1] "Frivolous" in this context is a legal term of art that indicates that, although the Plaintiff's allegations are serious to him, and may, indeed, be based on a tangible injury, the theory on which his claims are based are "indisputably meritless" in a legal sense.  *See Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

THIS the 8th day of June, 2007.


                                            S/ Linda R. Anderson
                              UNITED STATES MAGISTRATE JUDGE